0761

Roderick A. STAMEY, Appellant v. Barbara STAMEY, Respondent.

(347 S. E. (2d) 112)

Court of Appeals

*Allen C. Pate,* Florence, *for appellant.*

*Evander G. Jeffords* and *Mary Layton Wells*, Florence, *for respondent.*

July 28, 1986.

GARDNER, Judge:

The appealed family court order of this case denied the husband's petition to modify a 1977 divorce decree with respect to alimony and the equitable distribution made therein. We affirm.

Four court orders or decrees are involved in the appeal, viz., the divorce decree of July 15, 1977, a temporary order of April 17, 1978, an order of October 6, 1978 and the final order of September 28, 1984. This appeal relates to all of these orders; the chronology is important to a clear understanding of the case.

The issues on appeal are whether (1) the October 11, 1978, order is invalid because of lack of *in personam* jurisdiction of the husband, (2) the wife was in default and therefore not entitled to the relief ordered in the September 28, 1984, order and (3) the judge erred in failing to find that there had been an insufficient change of circumstances upon which to base a reduction or termination of alimony.

The parties, who married in 1958, were divorced in 1977, at which time there were three minor children, all of whom are now beyond eighteen years of age; however, the youngest child, at the time of the appealed order, was in college; she is a good student and works part time to help with the cost of her education. The 1977 divorce decree provided, *inter alia*, that the husband pay $510 monthly alimony, $600 per month child support for the three minor children and that the wife have the use of the marital home and the furnishings until she remarries or moves. The decree further inconsonantly provided that:

> The court shall retain jurisdiction of this matter for the purpose of considering a division of the household furnishings and personal property and shall rule thereon upon application and notice of the parties in the event they are unable to amicably agree on a division thereof.

In April 1978, the husband petitioned the court for a reduction in alimony payments. The temporary order of

April 19, 1978, reduced the alimony obligation temporarily, with the matter to "be reviewed in six months by the court for the purpose of making such further orders as may be appropriate at that time...."

On the wife's petition, a subsequent order was issued in October 1978, modifying the April 19, 1978, temporary order by reinstating the monthly alimony payments of $510 provided in the original divorce decree. This order included the following findings of fact:

> Notice of the six-month review hearing, as required under this Court's Order of April 19, 1978, was given both to Dr. Stamey and to his attorney, Ronald J. Jebaily, as shown by the Certificate of Mailing of E. Lee Morgan dated September 18, 1978. This notice notified the respondent, Roderick A. Stamey, that the hearing was for the purpose of the six-month review heretofore ordered by the Court and that the petitioner, Barbara Stamey, would ask the Court to vacate the temporary relief granted by Order of April 19, 1978, and to require the said respondent to abide by the terms of the original Order of this Court.

We note, parenthetically, that this finding of fact is in error insofar as it found that the husband was personally served with a notice of the six-month review hearing; an incorrectly addressed notice was mailed to him in Texas where he then resided; he received the notice after the hearing; however, his attorney of record in this proceeding was notified before the review hearing; this attorney appeared but stated that he was not representing Mr. Stamey at this time. The husband acknowledges that he received a copy of the October 11, 1978, order on October 17, 1978, clearly within the 10-day period for the filing of a notice of intention to appeal, petition to reconsider or a motion to set aside the judgment. The October 17, 1978, order was not appealed by Mr. Stamey nor was any other timely action taken by Mr. Stamey to protect his interests as to that order.

On June 18, 1984, the husband served on the wife a petition seeking, *inter alia*, termination or reduction of alimony payments, an equitable division of the marital home and

personal property and discovery proceedings. The wife failed to timely answer and the husband filed an affidavit of default dated July 30, 1984. On August 24, 1984, the husband obtained an order for discovery which was prefaced by this: "It appears to this court that no responsive pleadings have been filed and [the wife] is in default."

On August 28, 1984, over two months after service of the petition, the wife filed an answer and counterclaim for a contempt citation, payment of alimony arrearages and attorney fees. A hearing followed on September 6, 1984.

The record reflects that shortly after the 1977 divorce, the husband moved to Texas and has resided there since. The record also reflects that the husband has not paid any of the alimony payments since November 1978, and quit paying child support for each child as he or she reached the age of 18 except the youngest child, who is in college and to whom he has paid directly the sum of $125 per month during the school months.

We reject the husband's argument that the court lacked *in personam* jurisdiction over him to issue the order of October 11, 1978, which reinstated the alimony payments of $510 per month. The family courts of this state statutorily have jurisdiction to modify or vacate any order issued by that court. Section 20-7-420(25), Code of Laws of South Carolina (1976), as amended. The husband petitioned the family court to modify the court's prior orders and thereby subjected himself to the jurisdiction of the court. This jurisdiction continued and especially so since the temporary order of April 17, 1978, provided for a review of the alimony payments in six months. Notice of the six-month review hearing was timely served upon his counsel of record; this alone complies with notice sufficient to satisfy due process requirements. *See* Sections 15-9-910 and 15-9-990, Code of Laws of South Carolina (1976), repealed by Act No. 100, Acts and Joint Resolutions of the General Assembly of South Carolina, 1985, but effective at the time of this action. Additionally, the husband admits that he received a copy of the order of October 6, 1978, in time to file a notice of intention to appeal or a notice for the trial judge to reconsider the order. Having originally petitioned the court and thereby submitted himself to the jurisdiction of

the court, and having been on notice of the six-month review hearing from which the October 6, 1978, order emanated, we hold that the husband had submitted himself to the jurisdiction of the family courts of South Carolina and that his contention of lack of due process is patently without merit.

We additionally hold that whether the wife was in default prior to the last hearing on October 6, 1984, is of no importance. South Carolina Family Court Rule 16 provides:

> No judgment, other than a dismissal for want of prosecution, shall be entered in an action for divorce except after hearing. Even though the respondent does not file an answer, he may, with permission of the court, be heard on issues of custody of children, alimony, support and counsel fees.

The appealed order of September 28, 1984, comes within the purview of Family Court Rule 16 because it dealt with alimony, support and counsel fees. We, therefore, reject the husband's argument that the wife was in default; it is immaterial perforce of Family Court Rule 16.

And we summarily dispose of the husband's contention that the trial court erred in finding there were insufficient changes of circumstances to justify a reduction of the $510 alimony award. The findings of fact by the trial court, which we will not burden the reader with, are sufficient to support the order of September 28, 1984. And we so hold.

And we affirm the appealed order's refusal to consider equitable distribution of the marital home, which is jointly titled in the names of the husband and wife. We agree, however, with the husband's argument that the use of the home by the wife was an incident of spousal and child support. The husband petitioned for a reduction in alimony but did not specifically petition the court to terminate the use of the marital home as an incident of spousal support aside from the $510 per month alimony award. The husband still retains this right, we hold, and may petition the court to modify the order of July 15, 1977, based upon the fact that the home is no longer needed for the support of the children and both possession and title of the home should revert to the parties who own it as co-

tenants. We intentionally, however, express no opinion about the merit of such an action.

For the reasons stated, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., concurs and CURETON, J., concurs in result only.